IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ROBERTSON,<br>Plaintiff,<br>v.<br>CNH INDUSTRIAL AMERICA, LLC,<br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

**COMPLAINT**

Plaintiff, Michael Robertson, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, CNH Industrial America, LLC, demands a trial by jury, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Complaint alleges unlawful discrimination based upon race within the workplace, in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*., Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. ("PHRA").

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and federal pendant jurisdiction under §1367 for Plaintiff's state law claim.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff, Michael Robertson ("Mr. Robertson" or "Plaintiff"), is an adult African-American male, who resides in Dauphin County, Pennsylvania.

5. Defendant, CNH Industrial America, LLC ("Defendant"), is a Wisconsin corporation with a business address of 621 State Street, Racine, Racine County, Wisconsin.

6. At all times relevant and material hereto, Defendant operated a facility located at 500 Dillinger Avenue, New Holland, Lancaster County, Pennsylvania, and employed in excess of twenty (20) people.

7. At all times relevant and material hereto, Defendant was an employer pursuant to Title VII, Section 1981, and the PHRA.

**ADMINISTRATIVE PROCEEDINGS**

8. On or about June 10, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was

docketed as EEOC Charge No. 530-2025-06909, with instruction that it be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

9. Plaintiff has been advised of his right to sue in federal court, which notice was received on or about September 1, 2026.

10. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

11. Mr. Robertson was employed by Defendant as a Laser Operator at its Lancaster facility for approximately twenty-two (22) years.

12. During his tenure, Mr. Robertson was an exemplary employee; despite this, he was consistently targeted by his Department Manager, Amy Covington, for harsher treatment and stricter standards than his Caucasian co-workers.

13. In or about 2023, Ms. Covington disciplined Mr. Robertson for a quality issue that he was subsequently able to prove had been caused by another employee on a different shift.

14. Though that write-up was removed from Mr. Robertson's record, Ms. Covington nevertheless insisted that the discipline be reinstated because the quality issue had happened in Mr. Robertson's area.

15. Aside from that single disciplinary action, Mr. Robertson's record was spotless.

16. On or about May 7, 2025, Mr. Robertson was accused of committing a lock-out tag-out violation, his first and only alleged safety violation throughout his twenty-two (22) year tenure.

17. Per Defendant's handbook, employees who commit safety violations are given disciplinary steps including verbal warnings, written warnings, and ultimately termination for repeated violations.

18. Upon information and belief, Mr. Robertson's former Caucasian co-worker, Tony (last name unknown), was terminated in or about 2024 after having committed four (4) lock-out tag-out violations.

19. Tony was also given the opportunity to appeal his discipline before a panel review.

20. Upon learning of Mr. Robertson's alleged violation, however, Ms. Covington immediately terminated Mr. Robertson and instructed Defendant's human resources department to deny him the opportunity for panel review.

21. Defendant terminated Mr. Robertson and denied him the rights it afforded to his Caucasian co-workers on the basis of his race, which constitutes violations of Title VII, Section 1981, and the PHRA.

## COUNT I

## VIOLATIONS OF TITLE VII
***Race Discrimination***

22. All prior paragraphs are incorporated herein as if set forth fully below.

23. Defendant created, permitted, tolerated, encouraged, and fostered an environment in which Plaintiff, an African-American, was subjected to hostility and discrimination on the basis of his race.

24. As a consequence of this hostility and discrimination, supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

25. By terminating Mr. Robertson on the basis of his race, Defendant violated Mr. Robertson's rights under Title VII, which prohibits such discrimination with respect to the continuation and tenure of employment.

26. As a direct and proximate result of the discriminatory treatment on the basis of his race, Plaintiff has suffered, and continues to suffer emotional distress, a loss of self-respect and confidence, economic loss, and has been subjected to great damage to his career and professional standing.

27. The actions of Defendant set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Michael Robertson, seeks damages against Defendant, CNH Industrial America, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

## VIOLATION OF 42 U.S.C. §1981
***Race Discrimination***

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. At all times relevant hereto, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

30. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Plaintiff on the basis of his race and thereby deny him the benefits of the contractual relationship he had entered into with Defendant.

31. As a consequence of Defendant's discriminatory actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on his work product and ability to fully and effectively perform his job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

32. By terminating Mr. Robertson on the basis of his race, Defendant violated Mr. Robertson's rights under Section 1981, which prohibits such discrimination with respect to the continuation and tenure of employment.

33. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, economic loss, emotional distress, and a loss of self-respect and confidence, and he has been subjected to great damage to his career and professional standing.

34. The actions of Defendant set forth above constitute violations of Section 1981.

**WHEREFORE**, Plaintiff, Michael Robertson, seeks damages against Defendant, CNH Industrial America, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### VIOLATION OF PHRA
***Race Discrimination***

35. All prior paragraphs are incorporated herein as if set forth fully below.

36. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and circumstances as Counts I and II, and therefore judicial economy and fairness to the parties dictates that this Count III be brought in the same Complaint.

37. By terminating Mr. Robertson on the basis of his race, Defendant violated Mr. Robertson's state rights under the PHRA, which prohibits such discrimination with respect to the continuation and tenure of employment.

38. As more fully set forth in Counts I & II, Mr. Robertson has suffered directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm and will continue to suffer the same for the indefinite future.

**WHEREFORE**, Plaintiff, Michael Robertson, seeks damages against Defendant, CNH Industrial America, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

**AD DAMNUM CLAUSE/PRAYER FOR RELIEF**

a. Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of his race, national origin, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race or national origin and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally

withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as provided for under Section 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

November 19, 2026
Date

/s/*Steve T. Mahan*

Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

/s/*Larry A. Weisberg*

Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

/s/*Derrek W. Cummings*

Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/*Michael J. Bradley*

Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*